**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**SAMUEL DOUROS**

**and**

**PATRICIA DOUROS,**

                **Plaintiffs,**

**v.**                                        **Civil Action No. 2:06cv668**

**STATE FARM FIRE AND
CASUALTY COMPANY,**

                **Defendant.**

**ORDER AND OPINION**

       This matter comes before the court on the defendant's Motion to Dismiss. After considering the arguments made by the parties at a hearing on this matter held on May 21, 2007, and in consideration of the briefs and the record, the court, for the reasons set forth fully herein, **GRANTS IN PART** and **DENIES IN PART** the defendant's Motion to Dismiss.

I. Factual Background

       This dispute centers on a water leak in the plaintiffs' house that resulted in the growth of mold throughout their house and ultimately forced them to move out after exposure to the mold caused them to become sick. The plaintiffs, husband and wife Samuel and Patricia Douros, own a house in Virginia Beach, Virginia. On January 13, 2006, a water pipe in the house burst, causing a sudden and accidental discharge of water that saturated portions of the living area in the house as well as the crawlspace underneath the first floor of the house. According to the

complaint, the water resulted in the growth of "toxic mold" throughout the residence, which had not been present prior to the pipe bursting. The mold also grew on the personal property of the plaintiffs, including furniture and clothing. The plaintiffs experienced physical injury as a result of the presence of the mold, and it was determined that Samuel Douros was allergic to the mold. In May of 2006, the plaintiffs moved out of their house, but continued to experience health problems when they would reenter the house to inspect the progress of work that was being done to remediate the mold.[1]

The plaintiffs allege that by July of 2006, mold was visible throughout the house. The defendant, State Farm Fire and Casualty Company, is an insurance company that issued a homeowners' insurance policy to Patricia Douros that covered the Douroses' Virginia Beach house. See Homeowners' Policy, Exhibit B to Motion to Dismiss. In August of 2006, the defendant represented to the plaintiffs that air quality testing had been conducted in their house and that every room was free of mold and "safe." In reliance on this representation, the plaintiffs returned to the residence on or about August 20, 2006; however, they soon noticed that mold was still visible. The plaintiffs claim to have again suffered physical injuries as a result of allergic reaction to the mold. At some later point in time, the plaintiffs obtained expert reports indicating that "significant levels of visible, toxic mold growth remain[ed] throughout the residence." Complaint, at ¶ 28. The defendant then ceased making payments to remediate the water and mold damage to the house and stopped paying the living expenses of the plaintiffs.

---

[1] It is unclear whether the remediation was being done at the expense of the plaintiffs, or whether the defendant was providing the remediation work pursuant to the homeowners' insurance policy it had issued to the plaintiffs.

II. Procedural History

As a result of the foregoing factual scenario, the plaintiffs filed a complaint against the defendant in the Circuit Court for the City of Virginia Beach on October 20, 2006. The complaint seeks a declaration that the defendant is required to cover certain losses under the homeowners' insurance policy issued to the plaintiffs, including direct physical loss to the residence, loss to personal property within the residence, loss as a result of physical injuries, and additional living expenses that the plaintiffs incurred when they were forced to move out of their house. The complaint also alleges constructive fraud on the part of the defendant, claiming that the representation made by the defendant that the house was free of mold was materially false and made with the intent to induce reliance by the plaintiffs. Further, the plaintiffs claim that they did in fact rely on the representation by moving back into the house, and that they suffered physical injuries as a direct result. In addition to compensatory damages, the plaintiffs request punitive damages on the basis of their constructive fraud claim.

On the basis of diversity jurisdiction, the defendant removed the case to this court on December 7, 2006. On January 9, 2007, the defendant filed the instant motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in which it claims that the plaintiffs can prove no set of facts consistent with the complaint that would entitle them to the requested relief. Specifically, the defendant asserts that it cannot be liable to the plaintiffs in tort because it breached no independent duty to the plaintiffs. Further, the defendant claims that the insurance policy issued to the plaintiffs specifically excludes mold as a covered peril, and therefore contractual liability is similarly improper.

The plaintiffs filed a response brief on January 22, 2007, and the defendant filed a

rebuttal brief on January 26. The matter is therefore ripe for consideration.[2]

III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the defendant to request dismissal if the plaintiff has filed a claim upon which relief cannot be granted. FED. R. CIV. P. 12(b)(6). In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, "a count should be dismissed only where it appears beyond a reasonable doubt that recovery would be impossible under any set of facts which could be proven." America Online, Inc. v. GreatDeals.Net, 49 F. Supp. 2d 851, 854 (E.D. Va. 1999). The court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

While the court must take the facts in the light most favorable to the plaintiff, the court is not bound with respect to the complaint's legal conclusions. See Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). Dismissal pursuant to Rule 12(b)(6) is appropriate when upon considering the facts set forth in the complaint as true and construing the facts in the light most favorable to the non-moving party, there is no basis on which relief can be granted. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Dismissal should not be granted unless the moving party can demonstrate that no set of allegations will support the complaint. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); District 28, United Mine Workers of Am., Inc.

---

[2]The court notes that the defendant submitted a motion for summary judgment on June 1, 2007, prior to the entry of this order. As of the date of this order, that motion is not ripe for consideration. Because this order dismisses Count II of the complaint in its entirety, the defendant's motion for summary judgment with regard to that count is now moot.

v. Wellmore Coal Corp., 609 F.2d 1083 (4th Cir. 1979).

IV. Analysis

A. Declaratory Judgment Action

i. Propriety of Declaratory Judgment

The defendant argues that, although the first count of the complaint is entitled "Declaration of Coverage" and expressly seeks a declaratory judgment, such relief is not appropriate where, as here, the case involves claims and rights that had matured when the plaintiffs filed the action. A declaratory judgment action is the appropriate vehicle if the "relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994) overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995) (internal quotations omitted). As the Virginia Supreme Court has indicated: "The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature. . . . This is with a view rather to avoid litigation than in aid of it." Liberty Mut. Ins. Co. v. Bishop, 211 Va. 414, 421 (1970).

Here, the plaintiffs do not seek an order that clarifies the legal rights of parties to a potential controversy–instead, they seek a ruling that the defendant has breached the homeowners' insurance policy, resulting in damages. Although necessary to the resolution of whether the policy has been breached is the determination of whether the policy covers the claimed losses, the plaintiffs' actual objective is not simply a determination of their rights under the policy, but rather a ruling that the defendant is liable to them for breach of the policy. This

issue is one which is properly litigated via a claim for breach of contract, not a declaratory judgment action. See, e.g., Green v. Goodman-Gable-Gould Co., Inc., 268 Va. 102, 109-10 (2004). Thus, to the extent that Count I of the complaint seeks declaratory relief, such relief is improper.

ii. Propriety of Contract Damages

It is clear to all parties involved that the plaintiffs desire monetary damages to compensate them for the alleged breach of the insurance policy, and the court will construe Count I as stating a breach of contract claim, rather than simply a claim for declaratory judgment. At the hearing on the instant motion to dismiss, the defendant withdrew its request for dismissal with respect to Count I's claim of contract damages, noting that it anticipated filing a motion for summary judgment at the close of discovery. Therefore, the court will not consider this portion of the Motion to Dismiss on its merits, and the portion of Count I that relates to a breach of the insurance contract–and alleged damages flowing therefrom–is not dismissed.

iii. Propriety of Tort Damages

Although Count I of the complaint is centered on the claim that the defendant did not perform its obligations under the insurance policy, it includes language that might be construed as requesting damages in tort. Specifically, the complaint alleges that the defendant has stopped making payments to the plaintiffs in "bad faith," and seeks to recover for, inter alia, bodily injuries and medical expenses, neither of which is covered by the homeowners' insurance policy in question. However, it is well-settled in Virginia law that there exists no independent tort for bad-faith refusal to honor an insurance claim. See, e.g., Bettius & Sanderson, P.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 839 F.2d 1009, 1016 (4th Cir. 1988), A&E Supply Co. v.

Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 676 (4th Cir. 1986)  "[U]nder Virginia law, a plaintiff cannot maintain an action in tort based on a breach of contract claim unless the tort amounts to an independent tort.  An independent tort is one that is factually bound to the contractual breach but whose legal elements are distinct from it."  Caporicci Footwear, Ltd. v. Fed. Express Corp., 894 F.Supp. 258, 261 (E.D. Va. 1995) (citation omitted).

It is clear, then, that the plaintiffs cannot recover tort damages from the defendant merely for its allegedly bad-faith denial of coverage under the policy.  Such damages are contractual, and therefore require a contract action.  The plaintiffs conceded at oral argument that Section I of the insurance policy provides no coverage for personal injury, which they might only recover by a tort action.  Because they have not stated a valid claim in tort as to Count I, they may not recover damages for personal injury.  Therefore, to the extent that the plaintiffs seek damages in tort in Count I of the Complaint, they have failed to allege any independent tort action against the defendant, and are thus precluded from recovery in tort.

B.  Constructive Fraud Claim

Count II of the complaint alleges that the defendant is liable for constructive fraud, in that it represented to the plaintiffs that their home was safe to return to, and that, when the plaintiffs attempted to move back in, they immediately became ill from the "toxic mold" that was still visibly present.  The elements of constructive fraud in Virginia are: 1) a statement of material fact; 2) that is false, 3) made with the intent to induce reliance by another, 4) actual reliance by the other party on the statement, and 5) damages as a result.  See, e.g., Richmond Metro. Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 558 (1998).  "Constructive fraud differs from actual fraud in that the misrepresentation of material fact is not made with the intent to mislead, but is

made innocently or negligently although resulting in damage to the one relying on it."
Evaluation Research Corp. v. Alequin, 247 Va. 143, 148 (1998).

The defendant claims that, because the insurance policy created no independent tort duty to the plaintiffs, it cannot be liable for constructive fraud. The plaintiffs respond by asserting that the action for constructive fraud is not based upon a breach of the insurance policy, but instead upon an apparent duty owed to them by the defendant because of the possibility of personal injury. This duty, claim the plaintiffs, is akin to the common law duty that a landlord owes to his tenant upon entering the leased premises to make repairs–the duty to use reasonable care to avoid the threat of personal injury. See, e.g., Tugman v. Riverside & Dan River Cotton Mills, Inc., 144 Va. 473 (1926). The plaintiffs thus aver that because the defendant was aware of their concern regarding mold contamination in their house, and undertook to have the premises tested for mold and to report the results of those tests to the plaintiffs, the defendant had a common law duty to exercise reasonable care in such reporting.

The court rejects this notion for a number of reasons. First, the complaint merely alleges that air quality testing had been conducted at the defendant's request; however, the plaintiffs' claim in their response brief that the defendant itself tested their house for mold. Compare Complaint, at ¶ 22 with Response Brief, at 6-7. The allegation that the defendant itself conducted the testing is not a reasonable inference that can be drawn from the facts of the complaint, and therefore the court will not construe this in the plaintiffs' favor in considering whether to dismiss this count of the complaint. Further, the plaintiffs have cited no authority for their proposition that an insurer owes a common law duty to its insured to use reasonable care in reporting the results of a test performed by a third party. The case cited by the plaintiffs, Tinsley

v. State Farm Lloyds, 2005 WL 2675024 (Tex. App. 2005) (unpublished) is inapposite. That case did not involve a claim of constructive fraud against the insurer, but instead an action for breach of the common law duty of good faith and fair dealing and certain violations of Texas law. Id. at *6. Although the Texas Court of Appeals reversed the trial court's grant of summary judgment, it did so upon finding that a factual dispute existed as to whether the insurer's denial of the plaintiff's claim was reasonable. The insurer had argued that its expert reports indicated that the claim was not covered by the policy, and therefore that it acted reasonably in denying the policy. The court, however, found that "an insurer's reliance upon an expert report, standing alone, will not necessarily shield the insurer if there is evidence that the report was not objectively prepared or the insurer's reliance upon the report was unreasonable." Id. at *7. No such evidence exists in this case–the plaintiffs have not alleged that the report was not objectively prepared, and they have in fact claimed that the defendant relied upon the report innocently or negligently.

Thus, even were the Tinsley decision of significant precedential value to this court, it would still fail to preclude the court from dismissing the plaintiffs' claim of constructive fraud. Indeed, there is no common law duty on the part of an insurance company with respect to third-party expert reports received during an investigation. To impose such a requirement in this case would be to require that the defendant–not an expert in the detection of mold–question the decisions of the experts it hires to determine whether mold still exists in dangerous quantities. This would lead to a reductio ad absurdum, where an insurer would be required to hire another expert to ensure that its original expert was correct, only to then have to hire still another expert, etc. As the Virginia Supreme Court held, in Kitchen v. Throckmorton, 223 Va. 164 (1982),

constructive fraud requires "a breach of legal or equitable duty." Id. at 171 (quoting Moore v. Gregory, 146 Va. 504, 523 (1926)).[3] Because the plaintiffs cannot succeed on their claim for constructive fraud, as the defendant owed them no extra-contractual duty, Count II of the complaint must be dismissed.[4]

The court also notes that the plaintiffs have failed to plead Count II with the heightened specificity required by Federal Rule of Civil Procedure 9(b). As the Fourth Circuit has indicated, the factors of a fraud claim that must be pled with particularity are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (1999). The court noted that Rule 9(b) has four purposes: to ensure that the defendant has sufficient information to mount a defense; to protect defendants from frivolous suits; to eliminate fraud actions in which all the facts are learned post-discovery; and to protect defendants from harm to goodwill or reputation. Id. Thus "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that

---

[3] In Kitchen, the court emphasized that the defendant had a fiduciary duty as the personal representative of the decedent's estate. Kitchen, 223 Va. at 172. Accord B-W Acceptance Corp. v. Benjamin T. Crump Co., 199 Va. 312, 315-16 (1957) (finding constructive fraud where there was a trust relationship between the plaintiff and the defendant). In contrast, the defendant in this case owed no such duty to the plaintiffs with respect to the reporting of the findings made by the expert.

[4] It is further clear that, even were the plaintiffs permitted to proceed on their constructive fraud claim, they would not be permitted to collect punitive damages, which are only recoverable when there is proof of actual malice. See Jordan v. Suave, 219 Va. 448, 452-53 (1978). Here, the plaintiffs do not and cannot claim that the defendant relayed the information about the house being suitable for occupancy with actual malice. Instead, they claim that the reporting was done innocently or negligently. Thus, punitive damages would be inappropriate.

plaintiff has substantial prediscovery evidence of those facts." Id. Although the plaintiffs in this case claim that sometime in August 2006 the defendant represented to them that their house was free of mold, they have not indicated the identity of the agent of the defendant who made such a statement. Nor have the plaintiffs indicated the time or place where the alleged fraud occurred.

It appears to the court that the plaintiffs' claim is one of "fraud by hindsight," which fails to satisfy Rule 9(b)'s requirements. Hillson Partners Ltd. P'ship v. Adage, Inc., 42 F.3d 204, 209 (4th Cir. 1994). Although the defendant appears to be aware of the particular circumstances for which it must defend at trial, the plaintiffs do not appear to have "substantial prediscovery evidence of those facts" such that the court should decline dismissal of the fraud claim pursuant to Rule 9(b). Therefore, even were the plaintiffs' fraud claim not subject to dismissal pursuant to Rule 12(b)(6), it would be subject to dismissal under Rule 9(b). Accordingly, Count II of the complaint must be dismissed.

V. Conclusion

Because the plaintiffs seek damages for breach of contract, and have not demonstrated an independent tort, the court **DISMISSES** the portions of Count I which seek damages in tort. Further, Count II of the complaint is **DISMISSED** in its entirety, because the plaintiffs have failed to state a claim for which relief can be granted, and have failed to plead fraud with the heightened specificity required by Fed. R. Civ. P. 9(b). The plaintiffs may proceed on their claims for contract damages under the homeowners' insurance policy, as stated in Count I of the complaint. Because the plaintiffs are not entitled to tort damages, they are not entitled to recover punitive damages.

The defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART.**

The portions of Count I requesting tort damages, as well as all of Count II, are **DISMISSED**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for all parties.

It is so **ORDERED**.

/s/<br>Jerome B. Friedman<br>UNITED STATES DISTRICT JUDGE

June 12, 2007
Norfolk, Virginia